UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 07 CR 351-2 |
|---|---|
| v. | Judge Joan B. Gottschall |
| DAVID VANCE | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. From the date of entry of this Order, defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense (including but not limited to consulting or testifying experts), persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including information from confidential sources who have provided information to the government. These materials shall be plainly marked as "Sensitive" by the

government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense (as defined above), or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior notice to the government and permission from the Court, information marked "Sensitive" shall not be included in any public filing with the Court (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce any materials provided in connection with the case except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. Moreover, all materials marked "Sensitive," whether in original form or duplicates thereof, shall be maintained exclusively in the possession of defendant's counsel.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person after the entry of this Order, defense counsel shall inform the authorized person of this Order and its contents and ensure that the authorized person agrees to be bound by the terms and conditions of this Order subject to sanctioning by the Court for any violations of this Order.

7. Upon conclusion of all stages of this case, or upon conclusion of defendant's counsel's need to retain these materials and copies pursuant to defendant's counsel's record-retention policies, whichever occurs later, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court.

8. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall ensure that all copies of the specified material have been deleted from any location in which the material was stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except, as noted in Paragraph 3 above, that any document filed by any party which attaches or otherwise discloses "Sensitive" information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

JOAN B. GOTTSCHALL
District Judge
United States District Court
Northern District of Illinois

Date: 6/6/11

4